IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| PHILLIP CHAVRAT, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| TRUGREEN LIMITED PARTNERSHIP and TRUGREEN CHEMLAWN, | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

NOW COMES the defendant, TRUGREEN LIMITED PARTNERSHIP d/b/a TRUGREEN CHAMLAWN (incorrectly named herein as "TRUGREEN LIMITED PARTNERSHIP and TRUGREEN CHEMLAWN") (hereinafter "TruGreen"), by and through the undersigned counsel, and hereby files this Notice of Removal of the action brought in the Court of Common Pleas of Franklin County, Ohio under Civil Action No. 11 CVH 02 1737, to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. §§1441 and 1446.  In support of this Notice, TruGreen states:

1. On February 8, 2011, the plaintiff filed a ten-count Complaint (attached as Exhibit "A") in the Court of Common Pleas of Franklin County, Ohio bearing the caption *Philip Charvat, Plaintiff v. TruGreen Limited Partnership, et al., Defendants*, Civil Action No. 11 CVH 02 1737.

2. Process was served on TruGreen on February 18, 2011.  (A copy of the Service of Process Transmittal evidencing service of process on TruGreen is attached hereto as Exhibit "B").

3. Plaintiff's Complaint also names a defendant identified as "TruGreen Chemlawn." However, TruGreen Chemlawn is not a separate legal entity but instead, is simply an assumed business name used by TruGreen Limited Partnership.

4. Copies of the above-mentioned Complaint and Service of Process Transmittal (Exhibits "A" and "B," respectively) constitute true and correct copies of all process, pleadings, and orders served upon TruGreen.

5. This Notice of Removal was filed with the Clerk of the United States District Court within 30 days after service of the Complaint upon TruGreen, and therefore, this Notice is timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

6. 28 U.S.C. § 1441 (b) provides the following:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). Jurisdiction exists in a removal action if the case might have originally been brought in federal court. *Tennessee Valley Auth. v. Tennessee Elec. Power Co.*, 90 F.2d 885 (6th Cir. 1937).

7. This case could have originally been brought in the United States District Court pursuant to 28 U.S.C. § 1331, which provides:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

28 U.S.C. §1331.

8. Plaintiff's Complaint seeks recovery under the Telephone Consumer Protection Act (47 U.S.C. §227, *et seq.*)("TCPA"), as well as the TCPA's accompanying regulations and various provisions of the Ohio Consumer Sales Protection Act (Ohio Rev. Code Ann. 1345.02, *et seq.*)("CSPA").  In an identical lawsuit filed by the same plaintiff against a seller of satellite television products, the Sixth Circuit Court of Appeals held that the district court has federal-question jurisdiction over plaintiff's claims under the TCPA and pendent jurisdiction over the state CSPA claims.  *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459 (6th Cir. 2010).

9. Pursuant to 28 U.S.C. §1441(a), removal to the United States District Court for the Southern District of Ohio is proper because that District embraces the Court of Common Pleas of Franklin County, Ohio, the place where this action is currently pending.  *See* 28 U.S.C. §93(c).

10. Pursuant to 28 U.S.C. §1446(d), TruGreen will promptly file a copy of this Notice of Removal in the Court of Common Pleas of Franklin County, Ohio and give written notice of the removal of the action to Plaintiff.

11. By removing the action to this Court, TruGreen does not waive any defenses, objections or motions available to it under state or federal law.  TruGreen expressly reserves the right to move for dismissal of the plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, pursuant to 28 U.S.C. §§1441 and 1446, Defendant TRUGREEN LIMITED PARTNERSHIP d/b/a TRUGREEN CHAMLAWN (incorrectly named herein as "TRUGREEN LIMITED PARTNERSHIP and TRUGREEN CHEMLAWN") respectfully removes to this Court the action docketed under Civil Action No. 11 CVH 02 1737 to the United States District Court for the Southern District of Ohio.

Respectfully submitted,

**WILES, BOYLE, BURKHOLDER
 & BRINGARDNER CO., L.P.A.**

<u>s/ Mark C. Melko</u>
Mark C. Melko (0069396)
300 Spruce Street, Floor One
Columbus, Ohio 43215-1173
(614) 221-5216
FAX: (614) 221-4541
e-mail: mmelko@wileslaw.com
Attorneys for Defendant, TRUGREEN LIMITED PARTNERSHIP d/b/a TRUGREEN CHEMLAWN (incorrectly named herein as "TRUGREEN LIMITED PARTNERSHIP and TRUGREEN CHEMLAWN")