E0759 - P18

**IN THE COURT OF COMMON PLEAS**
**FRANKLIN COUNTY, OHIO**

| | | |
|---|---|---|
| PHILIP J. CHARVAT<br>636 Colony Drive<br>Westerville, Ohio 43081-3616, | : | 11 CVH 02 1737<br>Case No. ______ |
| Plaintiff, | : | Judge ______ |
| v. | : | Classification: H |
| TRUGREEN LIMITED PARTNERSHIP,<br>a foreign entity c/o its statutory agent,<br>C T CORPORATION SYSTEM<br>1300 East Ninth Street<br>Cleveland, OH 44114 | : | **COMPLAINT FOR MONEY DAMAGES AND PERMANENT INJUNCTIVE RELIEF** |
| And | : | |
| TRUGREEN CHEMLAWN<br>461 Enterprise Drive<br>Lewis Center, Ohio 43035 | : | **JURY DEMAND ENDORSED HEREON** |
| Defendants. | : | |

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2011 FEB -8 AM 10:04
CLERK OF COURTS

NOW COMES PLAINTIFF PHILIP J. CHARVAT and brings this action to recover statutory remedies, including monetary damages and to obtain permanent injunctive relief against Defendants, arising from the twelve unlawful telemarketing calls that Defendants made to Plaintiff at his home in disregard of his explicit request and in violation of well-established federal and Ohio laws prohibiting such calls.

**The Parties**

1. Plaintiff Philip J. Charvat ("Charvat" or "Plaintiff") is a living person who resides within Franklin County, Ohio, at the address indicated in the caption hereinabove. At his home, Plaintiff has telephones connected to outside telephone lines with the telephone numbers of (614) 895-1351 (the "1351 Line") and (614) 895-8940 (the "8940 Line").



E0759 - P19

2. Plaintiff is a "residential telephone subscriber" within the meaning of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*, as to both the 1351 Line and the 8940 Line, and each of these lines is a "residential telephone number" within the meaning of the TCPA.

3. Defendant TruGreen Limited Partnership ("TLP") is a foreign entity, which is registered to do business and doing business within the State of Ohio, including Franklin County, Ohio. At all times relevant hereto, TLP has operated a residential lawn care business selling goods and services in intrastate and interstate commerce to consumers in Franklin County, Ohio.

4. TLP directly, or through it agents, routinely uses the telephone to call residential telephone subscribers for the purpose of selling TLP's lawn care treatment services to residents of Ohio.

5. Defendant TruGreen Chemlawn is an entity, which is not registered to do business in Ohio under that name, but is doing business within the State of Ohio, including Franklin County, Ohio. At all times relevant hereto, TGC has operated a residential lawn care business selling goods and services in intrastate commerce to consumers in Franklin County, Ohio.

6. TGC operates maintains a business office at 461 Enterprise Drive, Lewis Center, Ohio 43035.

7. TGC uses the telephone line (614) 431-0825 in the course of its business.

8. TGC is an agent of TLP.

9. TGC sells TLP's products and services with the knowledge and consent of TLP and for the mutual benefit of both TGC and TLP.

10. TLP has authorized TGC to sell TLP's products and services.

11. TGC routinely uses the telephone to call residential telephone subscribers for the purpose of selling TGC's lawn care treatment services to residents of Ohio.

12. TLP and TGC use the fictitious business names "TruGreen" and "TruGreen Chemlawn" in the course of their business.

13. TLP uses the business address 860 Ridge Lake Blvd., Memphis, TN 38120 in the course of its business.

14. TLP and TGC each use the website TruGreen.com in the course of their business.

15. At no time has Plaintiff ever consented to receive telephone solicitation calls from or on behalf of any Defendant.

16. At all times relevant hereto, while conducting business in Ohio, Defendants have been subject to, and required to abide by, the laws of the United States and the State of Ohio, which include the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*, and its related regulations that are set forth at 47 C.F.R. §64.1200 (the "TCPA Regulations), as well as the opinions, regulations and orders issued by courts and the Federal Communications Commission ("FCC") implementing, interpreting and enforcing the TCPA and the TCPA Regulations, the Ohio Consumer Sales Practices Act ("CSPA"), O.R.C. §1345.01, *et seq*, and the Ohio Telephone Sales Solicitation Act, R.C. §4719.01, *et seq.*

**Jurisdiction and Venue**

17. This Court has jurisdiction over the parties and claims under the Ohio and federal laws cited herein. Venue is proper in this Court because Plaintiff resides in, and Defendants conduct business in, Franklin County, Ohio.

**Plaintiff's Claims**

18. Herein, whenever Plaintiff alleges that Defendants either acted or failed to act in some manner, it means that Plaintiff alleges that Defendants acted through one or more of their authorized employees, representatives and/or agents.

19. Each of the following court decisions were on file in the Office of the Ohio Attorney, within its Public Inspection File (hereafter "PIF"), prior to the events complained of herein:

(a)*Charvat v. Doucet*, Franklin C.P. No. 03CVH08-9221, unreported, OAG PIF# 2218 (Issued Feb. 23, 2004; Filed in PIF Feb. 27, 2004);

(b)*Charvat v. Continental Mortgage Services, Inc.*, Franklin C.P. No. 99CVH12-10225, unreported, OAG PIF# 1882 (Issued June 1, 2000; Filed in PIF June 2, 2000);

(c) *Burdge v. Satellite Systems Network, LLC*, Fairfield M.C. No. 2005 CVF 00243, unreported, OAG PIF# 2344 (Issued May 11, 2005; Filed in PIF May 12, 2005);

(d) *State ex rel. Petro v. Wyatt dba Ohio Tree Transplant*, Delaware C.P. No. 03-CV-H-10-726, unreported, OAG PIF# 2197 (Issued Nov. 18, 2003; Filed in PIF Nov. 19, 2003);

(e) *State ex rel. Petro v. Consumer Grants USA, Inc.*, Franklin C.P. No. 04CVH-10-10754, unreported, OAG PIF# 2459 (Issued Dec. 21, 2005; Filed in PIF June 22, 2006);

(f) *Charvat v. Mobley*, Franklin C.P. No. 02CVH-01-01, unreported, OAG PIF# 2113 (Issued Sept. 5, 2002; Filed in PIF Sept. 9, 2002);

(g) *State ex rel. Dann v. Car Care Warranty*, C.P. No. 05CVH-06-6012, unreported, OAG PIF#2562 (Issued May 18, 2007; Filed in PIF May 22, 2007);

(g) *Teleis v. Warrior Custom Golf, Inc.*, Summit M.C. No. 2004 CVI 1034, unreported, OAG PIF# 2257 (Issued June 11, 2004; Filed in PIF June 18, 2004);

E0759 - P22

(h) *State ex rel. Celebrezze v. Mosley*, Franklin C.P. No. 87-CV-042228, unreported, OAG PIF# 868 (Issued May 8, 1987; Filed in PIF May 15, 1987);

(i) *Ladarkis v. Martin*, Summit C.P. No. CV94-01-0234, unreported, OAG PIF# 1436 (Issued July 29, 1994; Filed in PIF Aug. 9, 2004);

(j) *State ex rel. Celebrezze v. Lloyd*, Franklin C.P. No. 82-CV-06-3184, unreported, OAG PIF# 5 (Issued May 25, 1983; Filed in PIF May 26, 1983);

(k) *Burdge v. Kandassubs, Inc.*, Butler C.P. No. 2005-11-3562, unreported, OAG PIF# 2429 (Issued Apr. 28, 2006; Filed in PIF May 2, 2006);

(l) *State ex rel. Montgomery v. Bayview Group, Inc.*, Franklin C.P. No. 97CVH12-10749, unreported, OAG PIF# 1727 (Issued Sept. 16, 1998; Filed in PIF Sept. 16, 1998);

(m) *State ex rel. Montgomery v. Loan By Phone Financing dba Burlington Credit Service*, Franklin C.P. No. 97CVH129-10750, unreported, OAG PIF# 1706 (Issued Nov. 12, 1998; Filed in PIF Nov. 12, 1998); and

(n) *State ex rel. Montgomery v. Holecek dba The Holecek Company*, Stark C.P. No. 2000CV01490, unreported, OAG PIF# 2003 (Issued Aug. 31, 2000; Filed in PIF Aug. 27, 2001).

20. The allegations and causes of action in this Complaint are subject to all cases that were on file in the Attorney General of the State of Ohio's office in the Public Inspection Files as of the date of the acts by Defendants that are described herein, including those listed above.

21. Upon information and belief, no Defendant is registered as a "telephone solicitor" pursuant to the Ohio Telephone Sales Solicitation Act, R.C. §4719.01, *et seq*.

22. Upon information and belief, no Defendant has obtained a surety bond pursuant to

the Ohio Telephone Sales Solicitation Act, R.C. §4719.01, *et seq*.

23. Upon information and belief, no Defendant is exempt from the provisions of sections 4719.02 to 4719.18 and section 4719.99 of the Revised code pursuant to the Ohio Telephone Sales Solicitation Act, R.C. §4719.01, *et seq.*

24. On April 22, 2004, at approximately 6:03 p.m., without having obtained Plaintiff's prior express consent, Defendants placed a live agent telemarketing call to Plaintiff's 1351 Line, on their own behalf and for their own benefit, for the commercial purpose of offering for sale to Plaintiff Defendants' goods or services. During this call Plaintiff told Defendants not to call again on his 1351 Line. Upon information and belief, Defendants failed to record and place Plaintiff's name and/or telephone numbers on Defendants' Do-Not-Call List.

25. On March 3, 2006, at approximately 6:15 p.m., without having obtained Plaintiff's prior express consent, Defendants placed a live agent telemarketing call to Plaintiff's 8940 Line, on their own behalf and for their own benefit, for the commercial purpose of offering for sale to Plaintiff Defendants' goods or services. During this call Plaintiff told Defendants not to call again on his 8940 Line. Upon information and belief, Defendants failed to record and place Plaintiff's name and/or telephone numbers on Defendants' Do-Not-Call List.

26. On February 6, 2007, at approximately 8:50 p.m., without having obtained Plaintiff's prior express consent, Defendants placed a live agent telemarketing call to Plaintiff's 8940 Line, on their own behalf and for their own benefit, for the commercial purpose of offering for sale to Plaintiff Defendants' goods or services. During this call Plaintiff told Defendants not to call again on his 8940 Line.

27. Upon information and belief, Defendants failed to record and place Plaintiff's name and/or telephone numbers on Defendants' Do-Not-Call List.

28. As provided by the current regulations promulgated by the FCC pursuant to the TCPA, Plaintiff's request not to be called at either of his residential telephone numbers, explicitly made during the many prior calls by Defendants, constituted a seller-specific do-not-call requests to Defendants and ended and severed any "established business relationship" between Plaintiff and Defendants for purposes of Defendants placing any future telemarketing calls to either of Plaintiff's residential telephone numbers.

29. Pursuant to 47 U.S.C. §64.1200(d)(6), Defendants and their agents were obliged to honor Plaintiff's prior Do-Not-Call requests for at least five years from the date on which each request was made.[1]

30. On January 21, 2008, at approximately 4:36 p.m., without having obtained Plaintiff's prior express consent, invitation or permission and in contravention of Plaintiff's many explicit requests not to be called, Defendants placed a live agent telemarketing call ("Call No. 1") to Plaintiff's 8940 Line, on their own behalf and for their own benefit, for the commercial purpose of offering for sale to Plaintiff Defendants' goods or services. In regard to Call No. 1, Defendants knowingly and/or willfully:

(a) Failed to voluntarily state the caller's telephone number or address at which the person may be contacted;

(b) Failed to honor Plaintiff's previous request that Defendants place Plaintiff's name and telephone numbers on their Do-Not-Call List;

(c) Failed to maintain a record of Plaintiff's previous request that Defendant place Plaintiff's name and telephone numbers on Defendants' Do-Not-Call List;

[1] 47 C.F.R. §64.1200(d)(6) provides: "Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

(d) Failed to have obtained a certificate of registration and failed to have obtained a surety bond pursuant to the TSSA; and

(e) Failed to state within the first 60 seconds that the purpose of the call was to make a sale.

Hereinafter, parts (a) through (e) of the preceding sentence of this paragraph shall be referred to as the "telephone compliance violations" as if fully written therein.

31. On February 19, 2008, at approximately 4:21 p.m., without having obtained Plaintiff's prior express consent, invitation or permission and in contravention of Plaintiff's many explicit requests not to be called, Defendants placed a live agent telemarketing call ("Call No. 2") to Plaintiff's 8940 Line, on their own behalf and for their own benefit, for the commercial purpose of offering for sale to Plaintiff Defendants' goods or services. In regard to Call No. 2, Defendants knowingly and/or willfully acted in a manner that caused all the "telephone compliance violations."

32. On February 27, 2008, at approximately 7:20 p.m., without having obtained Plaintiff's prior express consent, invitation or permission and in contravention of Plaintiff's many explicit requests not to be called, Defendants placed a live agent telemarketing call ("Call No. 3") to Plaintiff's 8940 Line, on their own behalf and for their own benefit, for the commercial purpose of offering for sale to Plaintiff Defendants' goods or services. In regard to Call No. 3, Defendants knowingly and/or willfully acted in a manner that caused all the "telephone compliance violations."

33. On May 10, 2008, at approximately 10:35 a.m., without having obtained Plaintiff's prior express consent, invitation or permission and in contravention of Plaintiff's many explicit requests not to be called, Defendants placed a live agent telemarketing call ("Call No. 4") to Plaintiff's 8940 Line, on their own behalf and for their own benefit, for the commercial purpose of offering for sale to Plaintiff Defendants' goods or services. In regard to Call No. 4, Defendants knowingly and/or willfully acted in a manner that caused all the "telephone compliance violations."

34. On August 4, 2008, at approximately 7:07 p.m., without having obtained Plaintiff's prior express consent, invitation or permission and in contravention of Plaintiff's many explicit requests not to be called, Defendants placed a live agent telemarketing call ("Call No. 5") to Plaintiff's 8940 Line, on their own behalf and for their own benefit, for the commercial purpose of offering for sale to Plaintiff Defendants' goods or services. In regard to Call No. 5, Defendants knowingly and/or willfully acted in a manner that caused all the "telephone compliance violations."

35. On January 9, 2009, at approximately 7:05 p.m., without having obtained Plaintiff's prior express consent, invitation or permission and in contravention of Plaintiff's many explicit requests not to be called, Defendants placed a live agent telemarketing call ("Call No. 6") to Plaintiff's 8940 Line, on their own behalf and for their own benefit, for the commercial purpose of offering for sale to Plaintiff Defendants' goods or services. In regard to Call No. 6, Defendants knowingly and/or willfully acted in a manner that caused all the "telephone compliance violations."

36. On January 15, 2009, at approximately 3:16 p.m., without having obtained Plaintiff's prior express consent, invitation or permission and in contravention of Plaintiff's many explicit requests not to be called, Defendants placed a live agent telemarketing call ("Call No. 7") to Plaintiff's 8940 Line, on their own behalf and for their own benefit, for the commercial purpose of offering for sale to Plaintiff Defendants' goods or services. In regard to Call No. 7, Defendants knowingly and/or willfully acted in a manner that caused all the "telephone compliance violations."

37. On February 19, 2009, at approximately 4:21 p.m., without having obtained Plaintiff's prior express consent, invitation or permission and in contravention of Plaintiff's many explicit requests not to be called, Defendants placed a live agent telemarketing call ("Call No. 8") to Plaintiff's 8940 Line, on their own behalf and for their own benefit, for the commercial purpose of offering for sale to

E0759 - P27

Plaintiff Defendants' goods or services. In regard to Call No. 8, Defendants knowingly and/or willfully acted in a manner that caused all the "telephone compliance violations."

38. During this call of February 19, 2009, Plaintiff again told Defendants to not call his 8940 line. Upon information and belief, Defendants failed to record and place Plaintiff's name and/or telephone numbers on Defendants' Do-Not-Call List.

39. On March 5, 2009, at approximately 2:20 p.m., without having obtained Plaintiff's prior express consent, invitation or permission and in contravention of Plaintiff's many explicit requests not to be called, Defendants placed a live agent telemarketing call ("Call No. 9") to Plaintiff's 8940 Line, on their own behalf and for their own benefit, for the commercial purpose of offering for sale to Plaintiff Defendants' goods or services. In regard to Call No. 9, Defendants knowingly and/or willfully acted in a manner that caused all the "telephone compliance violations."

40. On March 5, 2009, at approximately 6:46 p.m., without having obtained Plaintiff's prior express consent, invitation or permission and in contravention of Plaintiff's many explicit requests not to be called, Defendants placed a live agent telemarketing call ("Call No. 10") to Plaintiff's 8940 Line, on their own behalf and for their own benefit, for the commercial purpose of offering for sale to Plaintiff Defendants' goods or services. In regard to Call No. 10, Defendants knowingly and/or willfully acted in a manner that caused all the "telephone compliance violations."

41. On March 14, 2009, at approximately 10:21 a.m., without having obtained Plaintiff's prior express consent, invitation or permission and in contravention of Plaintiff's many explicit requests not to be called, Defendants placed a live agent telemarketing call ("Call No. 11") to Plaintiff's 8940 Line, on their own behalf and for their own benefit, for the commercial purpose of offering for sale to Plaintiff Defendants' goods or services. In regard to Call No. 11, Defendants knowingly and/or willfully acted in a manner that caused all the "telephone compliance violations."

42. On March 26, 2010, at approximately 3:32 p.m., without having obtained Plaintiff's prior express consent, invitation or permission and in contravention of Plaintiff's many explicit requests not to be called, Defendants placed a live agent telemarketing call ("Call No. 12") to Plaintiff's 1351 Line, on their own behalf and for their own benefit, for the commercial purpose of offering for sale to Plaintiff Defendants' goods or services. In regard to Call No. 12, Defendants knowingly and/or willfully acted in a manner that caused all the "telephone compliance violations."

43. Upon information and belief, Defendants' agents failed and/or neglected to record Plaintiff's two residential telephone numbers on Defendants' Do-Not-Call List and similarly failed and/or neglected to take any action to ensure that Plaintiff would not receive Defendants' unwanted telemarketing calls.

44. In regard to each of the above numbered and described calls to Plaintiff's residence:

(a) Each numbered and described telephone call caused Plaintiff's telephone to ring;

(b) Each Defendant was a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not it deals directly with consumers, and, therefore, was a "supplier" as defined in O.R.C. §1345.01(C);

(c) Plaintiff was solicited regarding goods or services and was a "consumer" as defined in O.R.C. §1345.01(D);

(d) Plaintiff was a "person" as this term is used in 47 U.S.C. §227, *et seq*.;

(e) Each numbered and described telephone call was a solicitation to sell, lease, assign, award by chance or otherwise transfer an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or

household and, therefore, was a "consumer transaction" as defined in O.R.C. §1345.01(A);

(f) Each numbered and described telephone call was a solicitation to supply goods or services and was "consumer transaction," as this term is more fully defined in R.C. §1345.01(A);

(g) Each numbered and described telephone call was an "unsolicited advertisement" as this term is defined in 47 U.S.C. §227(a)(5);

(h) Each numbered and described telephone call was a communication to Plaintiff initiated by Defendants to induce the purchase or goods or services and was a "telephone solicitation" as this term is more fully in R.C. §4719.01(A)(7);

(i) Each numbered and described call solicited Plaintiff to become financially obligated and Plaintiff was a "purchaser" as this term is defined in R.C. §4719.01(A)(5);

(j) Each Defendant engaged in telephone solicitation directly or through one or more salespersons and was a "telephone solicitor" as this term is more fully defined in R.C. §4719.01(A)(8);

(k) Each numbered and described telephone call was initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services and, therefore, each was a "telephone solicitation" as defined in 47 U.S.C. §227(a)(4); and

(l) Each numbered and described telephone call was initiated by, for, at the behest or request of, on behalf of, with the approval of, and/or for the benefit of each and all of the Defendants, and each and every Defendant cooperated in, directed, authorized, requested, aided, encouraged, approved, ratified and/or adopted the

actions of any and all Defendants initiating each call.

45. Plaintiff asserts the following claims against Defendants for statutory damages pursuant to 47 U.S.C. §227(c)(5), which are set forth below in his First, Third and Fifth Causes of Action, in the alternative. Plaintiff acknowledges that a telephone subscriber who sues a caller over its live agent telemarketing calls may only recover damages under 47 U.S.C. §227(c)(5) on a per-call basis.

**FIRST CAUSE OF ACTION**

**(Violations of 47 C.F.R. §64.1200(d)(4))**

46. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

47. In initiating Call Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one of Plaintiff's residential telephone numbers, and in failing to voluntarily provide Plaintiff with a telephone number or address at which the person or entity on whose behalf the call is being made may be contacted, Defendants violated 47 C.F.R. §64.1200(d)(4). Therefore, Plaintiff is entitled to an order of the Court enjoining any future such violations by Defendants pursuant to 47 U.S.C. §227(c)(5)(A) and an award of statutory damages in Plaintiff's favor and against Defendants in the minimum amount of $500 pursuant to 47 U.S.C. §227(c)(5)(B).

48. In initiating Call Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one of Plaintiff's residential telephone numbers, and in failing to voluntarily provide Plaintiff with a telephone number or address at which the at which the person or entity on whose behalf the call is being made may be contacted, Defendants knowingly and/or willfully violated 47 C.F.R. §64.1200(d)(4) and, therefore, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against Defendants in the minimum amount of $1,500 pursuant to 47 U.S.C. §227(c)(5).

**SECOND CAUSE OF ACTION**

**(Violations of O.R.C. §1345.02(A))**

49. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

50. In initiating Call Nos. 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one of Plaintiff's residential telephone numbers, and in violating 47 C.F.R. §64.1200(d)(4) by failing to voluntarily provide Plaintiff with a telephone number or address at which the person or entity on whose behalf the call is being made may be contacted, Defendants knowingly engaged in an unfair and/or deceptive act and/or practice and thereby knowingly violated O.R.C. §1345.02(A) in regard to each such Call.

51. For each of Defendants' knowing violations of O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages against Defendants in the minimum amount of $200 pursuant to O.R.C. §1345.09(B), and an award of Plaintiff's reasonable attorney's fees and costs against Defendants pursuant to O.R.C. §1345.09(F).

**THIRD CAUSE OF ACTION**

**(Violation of 47 C.F.R. §64.1200(d)(6))**

52. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

53. In initiating Call Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one of Plaintiff's residential telephone numbers for telemarketing purposes and to deliver a telephone solicitation to Plaintiff without Plaintiff's prior express consent, permission or invitation in each such Call and in contravention of his many explicit Do-Not-Call requests, Defendants violated 47 C.F.R. §64.1200(d)(6) by failing to maintain a record of Plaintiff's requests not to receive further telemarketing calls. Therefore, Plaintiff is entitled to an order of the Court enjoining any future such violations by Defendants pursuant to 47 U.S.C.

§227(c)(5)(A) and an award of statutory damages in Plaintiff's favor and against Defendants in the minimum amount of $500 for each such Call pursuant to 47 U.S.C. §227(c)(5)(B).

54. In initiating Call Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one of Plaintiff's residential telephone numbers for telemarketing purposes and to deliver a telephone solicitation to Plaintiff without Plaintiff's prior express consent, permission or invitation in each such Call and in contravention of his many explicit Do-Not-Call requests, Defendants knowingly and/or willfully violated 47 C.F.R. §64.1200(d)(6) by failing to maintain a record of Plaintiff's requests not to receive further telemarketing calls. Therefore, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against Defendants in the minimum amount of $1,500 for each such Call pursuant to 47 U.S.C. §227(c)(5).

**FOURTH CAUSE OF ACTION**

**(Violation of O.R.C. §1345.02(A))**

55. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

56. In initiating Call Nos. 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one of Plaintiff's residential telephone numbers for telemarketing purposes and to deliver a telephone solicitation to Plaintiff without Plaintiff's prior express consent, permission or invitation in each such Call and in contravention of his many explicit Do-Not-Call requests, and in violating 47 C.F.R. §64.1200(d)(6) by failing to maintain a record of Plaintiff's requests not to receive further telemarketing calls, Defendants knowingly engaged in an unfair and/or deceptive act and/or practice and thereby knowingly violated O.R.C. §1345.02(A) in regard to each such Call.

57. For each of Defendants' knowing violations of O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages against Defendants in the minimum amount of $200

E0759 P33

pursuant to O.R.C. §1345.09(B), and an award of Plaintiff's reasonable attorney's fees and costs against Defendants pursuant to O.R.C. §1345.09(F).

**FIFTH CAUSE OF ACTION**

**(Violations of 47 C.F.R. §64.1200(d)(3))**

58. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

59. In initiating Call Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one of Plaintiff's residential telephone numbers for telemarketing purposes and to deliver a telephone solicitation to Plaintiff without Plaintiff's prior express consent, permission or invitation, Defendants violated 47 C.F.R. §64.1200(d)(3) by failing to honor Plaintiff's many explicit Do-Not-Call requests. Therefore, Plaintiff is entitled to an order of the Court enjoining any future such violations by Defendants pursuant to 47 U.S.C. §227(c)(5)(A) and an award of statutory damages in Plaintiff's favor and against Defendants in the minimum amount of $500 for each such Call pursuant to 47 U.S.C. §227(c)(5)(B).

60. In initiating Call Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one of Plaintiff's residential telephone numbers for telemarketing purposes and to deliver a telephone solicitation to Plaintiff without Plaintiff's prior express consent, permission or invitation, Defendants knowingly and/or willfully violated 47 C.F.R. §64.1200(d)(3) by failing to honor Plaintiff's many explicit Do-Not-Call requests. Therefore, Plaintiff is entitled to an award of statutory treble damages in Plaintiff's favor and against Defendants in the minimum amount of $1,500 for each such Call pursuant to 47 U.S.C. §227(c)(5).

**SIXTH CAUSE OF ACTION**

**(Violations of O.R.C. §1345.02(A))**

61. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

E0759 - P34

62. In initiating Call Nos. 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one of Plaintiff's residential telephone numbers to deliver a telephone solicitation to Plaintiff without Plaintiff's prior express consent, permission or invitation in each such Call and in contravention of his many explicit Do-Not-Call requests, and in violating 47 C.F.R. §64.1200(d)(3) in regard to each such Call, Defendants knowingly engaged in an unfair and/or deceptive act and/or practice and thereby knowingly violated O.R.C. §1345.02(A) in regard to each such Call.

63. For each of Defendants' knowing violations of O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages against Defendants in the minimum amount of $200 pursuant to O.R.C. §1345.09(B), and an award of Plaintiff's reasonable attorney's fees and costs against Defendants pursuant to O.R.C. §1345.09(F).

**SEVENTH CAUSE OF ACTION**

**(Violations of O.R.C. §4719.02(A) and O.R.C. §1345.02(A))**

64. Plaintiffs hereby incorporate, as if fully rewritten herein, all foregoing paragraphs.

65. In initiating Call Nos. 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one of Plaintiff's residential telephone numbers and acting as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General, Defendants knowingly engaged in conduct that violates O.R.C. §4719.02(A) and constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

66. Because Defendants violated O.R.C. §4719.02(A) and O.R.C. §1345.02(A) in placing Call Nos. 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one of Plaintiff's residential telephone numbers and acting as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General, Plaintiff is entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for each such

violation and Plaintiff's reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

**EIGHTH CAUSE OF ACTION**

**(Violations of O.R.C. §4719.06(A)(2) and §1345.02(A))**

67. Plaintiffs hereby incorporate, as if fully rewritten herein, all foregoing paragraphs.

68. In initiating Call Nos. 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one of Plaintiff's residential telephone numbers and failing to state, within the first 60 seconds of each such call, that the purpose of the call is to effect a sale, Defendants violated O.R.C. §4719.06(A)(2), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

69. In initiating Call Nos. 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one of Plaintiff's residential telephone numbers and failing to state, within the first 60 seconds of each such call, that the purpose of the call is to effect a sale, Defendants knowingly violated O.R.C. §1345.02(A) and, therefore, Plaintiffs are entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for each such violation and Plaintiffs' reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

**NINETH CAUSE OF ACTION**

**(Violations of O.R.C. §4719.04(A), O.R.C. §4719.16 and O.R.C. §1345.02(A))**

70. Plaintiffs hereby incorporate, as if fully rewritten herein, all foregoing paragraphs.

71. In initiating Call Nos. 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one of Plaintiff's residential telephone numbers and acting as a telephone solicitor without having obtained a surety bond, Defendants violated O.R.C. §4719.04(A) and §4719.16, which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

72. In initiating Call Nos. 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one

of Plaintiff's residential telephone numbers and acting as a telephone solicitor without having obtained a surety bond, Defendants knowingly violated O.R.C. §1345.02(A) and, therefore, Plaintiffs are entitled to an award of statutory damages in the minimum amount of $200 pursuant to O.R.C. §1345.09(B) for each such violation and Plaintiffs' reasonable attorney's fees and costs pursuant to O.R.C. §1345.09(F).

**TENTH CAUSE OF ACTION**

**(Violations of O.A.C. §109:4-3-11(A)(1), 16 C.F.R. §310.4(d)(2) and O.R.C. §1345.02(A))**

73. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

74. In initiating Call Nos. 8, 9, 10, 11, and 12 to deliver a telephone solicitation to one of Plaintiff's residential telephone numbers and in failing to state, at the beginning of each such call, that the purpose of the call was to effect a sale, Defendants violated O.A.C. §109:4-3-11(A)(1) and/or 16 C.F.R. §310.4(d)(2) (the "Telemarketing Sales Rule"), which constitutes an unfair and/or deceptive act or practice in violation of O.R.C. §1345.02(A).

75. For each of Defendants' knowing violations of O.R.C. §1345.02(A), Plaintiff is entitled to an award of statutory damages against Defendants in the minimum amount of $200 for each such violation pursuant to O.R.C. §1345.09(B), and an award of Plaintiff's reasonable attorney's fees and costs against Defendants pursuant to O.R.C. §1345.09(F).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff hereby prays for the following relief on the foregoing claims against Defendants, jointly and severally:

A. Pursuant to 47 U.S.C. §227(c)(5), an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $500 for each of Defendants' calls initiated in violation of the

E0759 - P37

regulations prescribed under 47 U.S.C. §227(c);

B. Pursuant to 47 U.S.C. §227(c)(5), an award of statutory damages in Plaintiff's favor and against Defendants in the amount of $1500 for each call that Defendants knowingly and/or willfully initiated in violation of the regulations prescribed under 47 U.S.C. §227(c);

C. Pursuant to O.R.C. §1345.09(B), an award of statutory damages in Plaintiff's favor and against Defendants in the minimum amount of $200 for each of Defendants' violations of O.R.C. §1345.02(A);

D. Pursuant to O.R.C. §1345.09(F), an award of Plaintiff's reasonable attorney's fees and costs for Defendants' knowing violations of O.R.C. §1345.02(A);

E. Pursuant to O.R.C. §4719.15(B), an award of Plaintiff's reasonable attorney's fees and costs for Defendants' violations of O.R.C. §4719.01 *et seq.*;

F. A permanent injunction, pursuant to 47 U.S.C. §227(c)(5)(A), prohibiting Defendants from initiating any telephone telemarketing calls to Plaintiff's residence in violation of the regulations prescribed under 47 U.S.C. §227(c); and

G. All such other relief, legal and equitable, as permitted by law.

Respectfully submitted,

Philip J. Charvat, Pro Se
636 Colony Drive
Westerville, OH 43081-3616
PJCharvat@hotmail.com
614 895-1351

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all of his claims against Defendants.

Philip J. Charvat